CITY OF WILMINGTON *v.* SAMUEL L. YOPP.

The Act of 1854–'55, empowering the Commissioners of the town of Wilmington to establish streets in said town and for other purposes, confers upon the present Commissioners of that place full authority to assess the benefit to be derived to the owners of property from the construction of pavements in front of their houses.

CIVIL ACTION, brought in a Justice's Court to recover a certain assessment levied on defendant, and carried before his Honor, *Judge Russell*, by appeal, and determined by him at Chambers in the county of NEW HANOVER, January 13th, 1874.

The city of Wilmington, the plaintiff, under the provisions of the act entitled " An act to empower the Commissioners of the town of Wilmington to establish streets in said town, and for other purposes," ratified 16th January, 1855, appointed a committee, after due notice to the defendant, to assess the benefit he, the defendant, had derived from the construction of a pavement in front of a certain house and lot on Seventh street,

in said city, belonging to him. The committee made an assessment to the amount of $11.84, which the defendant admitted to be reasonable, but refuses to pay the same, contending that he is not liable to any such assessment by the plaintiff.

The Justice gave judgment in favor of the plaintiff, from which defendant appealed to his Honor, the Judge of the 4th District, at Chambers, upon the question of law. His Honor affirmed the Justice's judgment, and defendant appealed to this Court.

No counsel for appellant.
*Hargrove, Attorney General,* and *London*, for plaintiff.

SETTLE J. The act of 1854–'55, chap. 248, entitled "An act to empower the Commissioners of the town of Wilmington to establish streets in said town, and for other purposes," confers upon the city of Wilmington, (the *city* having succeeded to all the rights of the *town*,) full authority to do all that is now objected to by the defendant, and we are aware of nothing in the Constitution which forbids such legislation.

Statutes authorizing municipal corporations to grade and improve streets, and to assess the expense among the owners and occupants of lands benefited by the improvement in proportion to the amount of such benefit, have been held to be constitutional and valid in many of the States, having constitutions similar to our own, and these decisions have been quoted with commendation by such eminent authors as Cooley and Dillon. " A property tax for the general purposes of government, either of the State at large or of a county, city, or other district, is regarded as a just and equitable tax. The reason is obvious. It apportions the burden according to the benefit more nearly than any other inflexible rule of general taxation. A rich man derives more benefit from taxation, in the protection and improvement of his property, than a poor man, and ought therefore to pay more. But the amount of each man's benefit in general taxation cannot be ascertained and estimated with any

degree of certainty, and for that reason a property tax is adopted instead of an estimate of benefits. In local taxation, however, for special purposes, the local benefits may in many cases be seen, traced and estimated to a reasonable certainty. At least this has been supposed and assumed to be true by the Legislature whose duty it is to prescribe the rules on which taxation is to be apportioned, and when determination of this matter being within the scope of its lawful power is conclusive." *The People* v. *The Mayor of Brooklyn*, 4 N. Y., 419.

Judge Cooley, in his treatise on Constitutional Limitations, 506, quotes the foregoing extract and adds, " the reasoning of this case has been generally accepted as satisfactory and followed in subsequent cases." He says further, " on like reasoning, it has been held equally competent to make the street a taxing district, and to assess the expense of the improvement upon the lots in proportion to the frontage."

Not only has such legislation been sustained as an emination of the taxing power of a State, but it has been held competent, as a police regulation, " to require the owners of urban property to construct and keep in repair and free from obstructions the side-walks in front of it, and in case of their failure to do so to authorize the public authorities to do it at the expense of the property, the Courts distinguishing this from taxation, on the ground of the peculiar interest which those upon whom the duty is imposed have in its performance, and their peculiar power and ability to perform it with the promptness which the good of the community requires." Cooley, 588.

Judge Dillon, in his work on Municipal Corporations, sec. 637, says, " Under an authority to make such by-laws as to the Common Council shall seem necessary for the good government of the city, and for the regulation and paving of the streets and highways, a city corporation may pass an ordinance requiring the owner of every lot fronting on a designated section of a public street to fix curbstones and make a brick way or sidewalk in front of his lot. Such an ordinance is neither unconstitutional, illegal, nor unreasonable. It would doubtless

be otherwise if this burden was laid without special cause upon one citizen, all others similarly situated being exempted.

" Under power to improve " any street," the City Council is not required to improve the entire length of the street or none, it may improve part and confine the assessment to the lot adjoining the part improved."

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.